IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLENARD C. THORNE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:14-cv-0695 |
| JAMES M. HOLLWAY, Warden,[1] | ) Judge Trauger |
| Respondent. | ) |

## ORDER

Glenard Cortez Thorne, a prisoner in state custody, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1), challenging a conviction and sentence issued by the Davidson County Criminal Court in 2008. The respondent has filed an answer in opposition to the petition (ECF No. 14), along with a complete copy of the underlying state-court record.[2] The petition is ripe for review, and this court has jurisdiction. 28 U.S.C. § 2241(d).

As explained in the accompanying Memorandum Opinion, the court finds that Mr. Thorne is not entitled to relief on the basis of the grounds articulated in his petition. Accordingly, his petition (ECF No. 1) is hereby **DENIED**, and this matter is **DISMISSED**.

As also discussed in the court's Memorandum, the court finds that only two of the issues raised in the § 2254 motion are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court **GRANTS** a certificate of appealability (COA) as to Thorne's claims that

> (1) his convictions for especially aggravated kidnapping violated due process (Claim 1(a), as enumerated ag page 5 of the accompanying Memorandum Opinion); and
>
> (2) his trial counsel was ineffective for failing to argue that the jury should have been required to decide whether the proof established that the removal or confinement of the victims was independently significant from the accompanying felonies to justify separate kidnapping convictions, and that the ineffective assistance of post-conviction counsel

---

[1] The court takes judicial notice that James M. Holloway was recently appointed warden of the West Tennessee State Penitentiary where the petitioner is in custody. *See* http://www.tn.gov/correction/institutions/wardenbio.html. Pursuant to Fed. R. Civ. P. 25(d), Mr. Holloway is automatically substituted as the named respondent. *See also* Rule 2(a), Rules Gov'g § 2254 Cases.

[2] The respondent sought and was granted permission to manually file 9 compact disks apparently comprising trial exhibits. These compact disks were never filed, to the court's knowledge, but the court does not find them to be necessary to resolution of this case.

establishes cause under *Martinez v. Ryan*, 566 U.S. ----, 132 S. Ct. 1309 (2012), to overcome the default of this claim (Claim 5(q) as enumerated at page 6 of the Memorandum Opinion).

The remaining claims, which are for the most part procedurally defaulted or are not cognizable in federal habeas corpus, do not merit further review. The court therefore **DENIES** a COA as to all other claims articulated in Mr. Thorne's petition and supporting statement. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

_____
Aleta A. Trauger
United States District Judge